On the Merits.
Levy, J.
This suit was brought to recover of the defendants the sum of twenty-five hundred and fifty dollars, with five per cent, per annum interest from judicial demand.
It is alleged in the petition that Noah Scovill, for himself and as master of the steamer Texarkana, which had sunk in Red River, and as agent of the Union and Merchants’ Mutual Insurance Companies, in which said steamer was insured, entered into a written contract with McClintock and Dixon to wreck said sunken steamer and to remove therefrom all the movable property thereon, to-wit: her machinery, boilers, engines, etc., all to be delivered to the order of said Scovill, *487 on the bank or on board the steam wrecking boat “Dixie;” that said agreement was made in the name of said McClintock and Scovill alone, but really for the account of McClintock and Dixon for the one part, and for the account and benefit of said Scovill and said Insurance Companies of the other part, and the work was undertaken with the knowledge, assent and ratification of said Companies and their officers; that said McClintock and Dixon performed said work and made such disposition of all the said movable property as was directed by said Scovill, and to the best advantage of all parties concerned, and faithfully executed said contract in all particulars. That with the knowledge and assent of said Scovill and for the preservation of said property, they shipped a large portion of it to New Orleans on their own boat, for which they claim three hundred dollars as freight, in addition to the $2,250 stipulated in the contract.
The contract purports in its body to be between McClintock and Scovill, and is signed by both of them in their individual capacities.
There was judgment against the defendant, Noah Scovill, for the sum of $1,417.50, and in favor of the defendants, the two Insurance Companies.
A remittitur of $366.25 was entered by the plaintiff, which reduced the judgment to the sum of $1,081.26.
A suspensive appeal was taken by the defendant, Scovill, and a devolutive appeal by the plaintiff, Receiver, the latter being taken to the judgment so far as it rejects the claim and demand against the Insurance Companies.
The record discloses the following facts:
Defendant, Scovill, was the owner and master of the steamer Texarkana, engaged in the navigation of Red River, and insured the boat, which was valued at $30,000, in the two Insurance Companies for $10,000 in each, he being, practically, his own insurer for the remaining $ 10,000 of said value.
While thus insured, on the 20th of August, 1870, the steamboat sunk in Red River, some thirty miles or more below Shreveport, the sinking resulting from a collision with another steamer. As soon as the accident occurred, Scoville, master and owner, telegraphed to the insurers in New Orleans, who at once sent Captain Andrews of the New Orleans Wrecking Company, to the scene of the disaster. Captain Andrews reported that the Texarkana was not worth raising. Scovill came to New Orleans, made proof of the loss, and abandoned the boat to the Insurance Companies, who refused to accept the statement or to pay the loss, on the ground that the collision was the result of negligence on the part of the captain and pilot of the Texarkana, which relieved them from all liability. Scovill then returned to the wreck and on the, *488 3'0tli of September, .1870, entered into a contract with McClintock, whereby the latter was to remove all tlie movable property on the boat for the sum of $2,250. Suit was instituted to recover the amounts of the policies against the Insurance Companies and pending the appeal to the Supreme Court of.the United States on the judgment rendered against the Union Insurance Company, an agreement was entered into, in the present suit, whereby it was agreed “ that'the trial of this case shall bo postponed until a decision is rendered by the Supreme Court in the case of Kennett & Bell vs. The Union Insurance Company, et als., in which case is involved the question of the liability of the Union Insurance Comp'any on the policy sued on in that case; so it is agreed tliatdhe dócision of said Supreme Court on that question shall be conclusive of the same question in this case.”
It is contended by plaintiff that the agreement bound the defendants absolutely, and was intended to fix conclusively defendants’ liability, and as the suit was' decided by the Supreme Court adversely to the Insurance Company, defendants are estopped from disputing the claim, in this suit. We do not. agree with plaintiff in his construction. The agreement distinctly and specifically refers to the question of the liability of the Company cm the policy, which liability was denied on the grounds above stated, and the decision as to such liability on the policy was to be decisive óf the same question in this suit. The reason for this is manifest: if the Insurance Companies were not liable on the poiicy, under no circumstances, under the pleadings herein, could they be held responsible for any portion of the claim of McClintock; hut even if thus liable on the policy, there was nothing in the agreement which prevented them urging other defenses against the claim of McClintock.
An examination of all the testimony disclosing all the circumstances, of the case, irresistibly leads us to the conclusion, that tlie abandonment of the wreck was not accepted by the Companies; on the contrary, they refused the abandonment, denied their liability on the policy of iñsúrance, and thus virtually disclaimed any inter íst in the wreck, etc. Tile master had communicated with them, by correspondence and personally, and they bad refused to enter into a contract with McuClinto'ck to raise the boat, on terms proposed by him, and the written contract entered into with McClintock by Scovill was on its face a contract with Scovill individually, and without the slightest reference or allusion to the Insurance Companies or any other parties. What may have been said by Scovill at the time, out of the presence of, and without the knowledge or ratification of the Companies,-does not, under the circumstances of the case, bind these Companies, and Scovill’s state-, mentas to the knowledge and consent and approval of the Companies, uncorroborated by other testimony or supporting facts, is completely *489 counterbalanced by tbe positive contfadiction of tbe presidents of tbe Companies.
This view of the case renders it unnecessary for us to consider the other points raised both by plaintiff and defendants, and even dispenses us from cousideratiou of the sale of the property, and disposition of its proceeds by and between McClintock and Scovill, without consultation with the Companies, or regard to the interests which these two allege the Companies had, and without accounting for the said proceeds of sale.
The judgment, in our opinion, renders justice to the parties, and we shall not disturb it.
The judgment appealed from is therefore affirmed, at costs of appellants.